Sherman v. Sherman.

WILLIAM SHERMAN

v.

LEAH SHERMAN et al.

A testator directed all of his estate to be sold, and the proceeds divided. into six shares, which were to be given to his brothers and sisters, " the shares * * * to be paid to them *on their own responsibility*, and they to use it during their natural life, and at their decease the said principal so paid to them to be divided among their lawful heirs, share and share alike." One of the sisters threatening to dispose of her share in order to defeat her son's interest therein, it was *held* that she might be enjoined from so doing, and required to give security for the protection of the remaindermen,

Bill for relief. On order to show cause why an injunction should not issue. On bill and affidavits.

*Mr. C. A. Skillman,* for complainant.

*Mr. R. S. Kuhl,* for defendants.

THE CHANCELLOR.

The suit is brought to restrain Leah Sherman from disposing

of the money received by her under the will of her brother, James Maxwell, deceased, and from disposing of or encumbering a house and lot in which she has invested part of the money, until she shall have secured the fund against waste by her. The complainant is one of her three children. According to the bill, she, in order to prevent him from obtaining any part of the fund at her death, threatens to dispose of the whole of it. The question involved in the controversy is whether, by legal construction of the bequest under which she received the fund, Mrs. Sherman does or does not possess an absolute property in the fund. By the fifth section of the will the testator directs that the person who shall administer his estate (he appointed no executor) sell and convey all his estate, both real and personal, and, after payment of the legacies previously given, divide the residue into six shares, of which he gives to his brothers, William and Henry, and his sisters, Leah, Ann and Mary, each one share, and he then proceeds as follows:

"The shares of my brothers, Henry and William, and of my sisters, Leah Sherman, Ann Martin and Mary Lair, each are to be paid to them on their own responsibility, and they to use it during their natural life, and at their decease the said principal so paid to them to be divided among their lawful heirs, share and share alike."

Mrs. Sherman's share of the residue is the fund in question.

The construction of the bequest under consideration presents no difficulty. Mrs. Sherman is to have the use of the fund for life, and at her death the principal is to go to her lawful heirs in equal shares. That is a gift to her of the interest or income of the fund for life, and of the principal of the fund to her children at her death. *Rev. p. 299 § 10 ; Akers* v. *Akers, 8 C. E. Gr. 26 ; Jones* v. *Stites, 4 C. E. Gr. 324 ; Demarest* v. *Hopper, 2 Zab. 599.*

The provision that the principal shall go to her heirs after her death conclusively disposes of her claim to absolute ownership of the fund. By the direction that the fund should be paid over to her " on her own responsibility," the testator intended that she should be entitled to receive the fund without giving security

therefor.   She threatens to dispose of the fund expressly with a view to depriving the complainant, whose interest in it she denies, from ever receiving any of it, and she has already disposed of part of it.   She may, under such circumstances, be required to give security for the fund, in equity, and she should be restrained from disposing of it until she does so.   *Rowe* v. *White, 1 C. E. Gr. 411.*   The order to show cause will be made absolute.